IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FRIENDS OF ANIMALS,<br><br>                   Plaintiff,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>                   Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>Case No. 4:18-cv-00053-DN-PK<br><br>District Judge David Nuffer |

Plaintiff Friends of Animals ("FOA") seeks to supplement the administrative record with 43 documents that it believes are necessary for a proper review of Defendant United States Fish and Wildlife Serivce's ("FWS") actions ( "Motion").[1] FWS opposes supplementation arguing that the additional documents are not properly part of the administrative record.[2] Because FOA has demonstrated that five of the 43 documents should be included in the administrative record, FOA's Motion[3] is GRANTED in part and DENIED in part.

---

[1] Plaintiff's Motion to Supplement the Administrative Record ("Motion"), docket no. 58, filed Feb. 3, 2020.

[2] Defendant's Response to Plaintiff's Motion ot Supplement the Administrative Record ("Response"), docket no. 61, filed Mar. 13, 2020.

[3] Docket no. 58, filed Feb. 3, 2020.

**Contents**

**BACKGROUND** ........................................................................................................ **2**

**DISCUSSION** ........................................................................................................... **3**

    FWS wavied attorney-client privilege for the documents ......................................... 3

    The administrative record will be supplemented with five documents ..................................... 5

        None of the 43 documents fall within the first exception because FWS's actions are
            adequately explained and can be properly reviewed without considering the
            documents ............................................................................................................ 8

        Five of the 43 documents will supplement the record under the third exception because
            FOA demonstrated that FWS considered factors that FWS left out of the formal
            record ................................................................................................................. 11

        FOA failed to meet its burden to establish that any of the 43 documents fall within the
            second exception ................................................................................................... 17

        FOA failed to meet its burden of establishing that any of the 43 documents fall within the
            NEPA exception ................................................................................................... 19

**ORDER** ............................................................................................................. **20**

## BACKGROUND

In April 2018, FWS issued the Range-Wide General Conservation Plan for the Utah

Prairie Dog in Residential and Commercial Development Areas ("Final GCP").[4] An

Environmental Assessment ("Final EA")[5] and Incidental Take Permits ("ITPs")[6] accompanied

the Final GCP. The ITPs authorized the take of Utah Prarie Dogs, a threatened species, on

non-federal land within Iron, Beaver, and Garfield counties.[7] FOA alleges that the Final GCP

and EA violate the Endangered Species Act ("ESA"), the National Environmental Policy Act

("NEPA"), and "are otherwise arbitrary, capricious, an abuse of power[,] and not in accordance

with the law."[8]

---

[4] Motion, *supra* note 1, at 1.

[5] *Id.*

[6] Complaint ¶ 1, docket no. 2, filed Aug. 22, 2018.

[7] *Id.*

[8] Motion, *supra* note 1, at 1.

FOA previously filed a Motion to Compel Completion of the Administrative Record ("Motion to Compel").[9] However, the Motion to Compel was denied because the appropriate procedural vehicle to resolve the parties' dispute was a motion to supplement the administrative record.[10] Subsequently, FOA filed its Motion seeking to supplement the administrative record with 43 documents.[11]

## DISCUSSION

### FWS wavied attorney-client privilege for the documents

As an initial matter, in its Response to FOA's Motion, FWS asserted attorney-client privilege over six of the 43 documents.[12] Common law principles generally govern privilege in federal-question cases.[13] Confidentiality is key to privilege.[14] Therefore, "the confidentiality of communications covered by the privilege must be jealously guarded by the holder of the privilege lest it be waived."[15] Voluntary disclosure of a document waives the privilege,[16] even if such disclosure is inadvertent.[17]

FWS asserts that while reviewing FOA's Motion, FWS discovered that six documents "were inadvertently disclosed in response to FOA's April 23, 2018 FOIA request."[18] FWS sent a

---

[9] Moiton to Compel Completion of the Administrative Record ("Motion to Compel"), docket no. 41, filed July 1, 2019.

[10] Docket Text Order Denying Motion to Compel, docket no. 44, filed Aug. 16, 2019; Order (1) Overruling and Denying Objection to Denial of Plaintiff's Mtoion to Compel Completion of the Administrative Record and (2) Denying Plaintiff's Motion for Reply and/or Oral Argument, docket no. 53, filed Dec. 27, 2019; *Friends of Animals v. U.S. Fish & Wildlife Servs.*, No. 4:18-cv-00053-DN-PK, 2019 WL 8137578 (D. Utah Dec. 26, 2019).

[11] Motion, *supra* note 1.

[12] Response, *supra* note 2, at 15 (asserting privilege over documents 14, 15, 34, 37, 39, and 42).

[13] *In re Qwest Commc'ns Int'l Inc.,* 450 F.3d 1179, 1184 (10th Cir. 2006) (quoting FED. R. EVID. 501).

[14] *Id.* at 1185.

[15] *Id.*

[16] *Id.*

[17] *U.S. v. Ryans*, 903 F.2d 731, 741 n.13 (10th Cir. 1990).

[18] Response, *supra* note 2, at 15.

letter to FOA on March 12, 2020, asserting attorney-client privilege over these documents and requested that FOA return, sequester, or destroy the documents.[19]

FWS has not jealously guard the confidentiality of these documents. FWS disclosed the documents to FOA nearly two years before asserting attorney-client privilege over the documents. During that time, and through the course of this litigation, FWS had ample opportunity to discover that the documents were inadvertently disclosed to FOA. The disclosure could have been discovered when FWS compiled documents for submission of the administrative record, but was not. The documents were also the subject of FOA's prior Motion to Compel.[20] The disclosure could (and should) have been discovered when FWS reviewed the documents in responding to the Motion to Compel, but was not. Rather, in responding to the Motion to Compel, FWS expressly stated "FWS is not arguing that the . . . documents are privileged."[21] FWS argued that "whether FWS waived any assertion of privilege because it produced the . . . documents in response to a FOIA request is irrelevant—none of the documents are privileged."[22] And FWS explicitly stated that FWS "has not asserted and does not intend to assert a privilege over any of these documents."[23]

On this record, FWS would be hard pressed to provide a sufficient explanation for why FWS could not (and did not) discover the documents' inadvertent disclosure for nearly two years. But FWS does not attempt to offer such an explanation. Nor does FWS cite any legal

---

[19] *Id.*

[20] Motion to Compel, *supra* note 9; Descriptive List of Documents Missing from the Administrative Record, docket no. 41-3, filed July 1, 2019 (documents 3, 5, 8, 12, 18, and 19).

[21] Response in Opposition to Plaintiff's Motion to Compel Completion of the Administrative Record ("Response to Motion to Compel") at 7, docket no. 42, filed July 31, 2019

[22] *Id.* at 7 n.35.

[23] *Id.* at 9.

authority that would permit FWS to assert attorney-client privilege after this length of time or after expressly representing that the documents are not privileged and that privilege would not be asserted. FWS disclosed the documents to FOA and failed to jealously guard their confidentiality. Therefore, FWS waived attorney-client privilege over the documents.

## The administrative record will be supplemented with five documents

FOA seeks judicial review of FWS's actions under the Administrative Procedure Act ("APA").[24] A court reviewing an agency's action under the APA must "review the whole record or those parts of it cited by a party."[25] An agency's designation of the administrative record "is entitled to a presumption of administrative regularity."[26] Absent clear evidence to the contrary, a reviewing court assumes an agency's designation of the administrative record is proper.[27]

However, an agency may not "unilaterally determine what constitutes the Administrative Record[.]"[28] The Tenth Circuit Court of Appeals recognizes limited exceptions under which extra-record materials may supplement the administrative record. In *American Mining Congress v. Thomas*, the Tenth Circuit outlined five justifications for supplementation:

> (1) the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials; (2) the record is deficient because the agency ignored relevant factors it should have considered in making its decision; (3) the agency considered factors that were left out of the formal record; (4) the case is so complex and the record so unclear that the reviewing court needs more evidence to enable it to understand the issues; and (5) evidence coming into existence after the agency acted demonstrates the actions were right or wrong[.][29]

---

[24] Complaint, *supra* note 6, ¶ 14.

[25] 5 U.S.C. § 706.

[26] *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993).

[27] *Id.*

[28] *Id.* at 739.

[29] *Custer Cty. Action Ass'n v. Garvey*, 256 F.3d 1024 n.1 (10th Cir. 2001) (citing *American Min. Cong. v. Thomas*, 772 F.2d 617, 626 (10th Cir. 1985)).

In addition, the Tenth Circuit has recognized a NEPA exception,[30] under which extra-record evidence may supplement the record if the documents reveal "gaps or inadequacies in the NEPA process."[31]

The Tenth Circuit has cautioned that supplementation of the administrative record may occur only in "extremely limited" circumstances when the "court is forced as a practical matter to examine the material[.]"[32] Redundant information[33] and post hoc rationalizations for an agency's action cannot supplement the record.[34] And documents demonstrating that experts disagree,[35] or disagreement regarding the reliability of methodology an agency used is an insufficient basis for admitting extra-record evidence.[36] The party moving to supplement the record bears the burden of showing the document falls within one of the limited exceptions.[37]

FOA seeks to supplement the administrative record with 43 documents.[38] FOA organized the documents into six categories for the purposes of the Motion:

(1) information relating to mitigation requirements;

(2) information relating to alternatives;

(3) documents regarding translocation, mitigation cost, and feasibility;

(4) documents pertaining to adequate funding;

---

[30] *Lee v. U.S. Air Force*, 354 F.3d 1229, 1242 (10th Cir. 2004).

[31] *Colorado Wild v. Vilsack*, 713 F. Supp. 2d 1235, 1241 (citing *Citizens for Alts. to Radioactive Dumping v. U.S. Dep't of Energy,* 485 F.3d 1091, 1096 (10th Cir. 2007)).

[32] *Am. Mining Cong.,* 772 F.2d at 626.

[33] *Sierra Club v. Fed. Highway Admin.*, No. 17–cv–01661–WJM–MEH, 2018 WL 1695402 (D. Colo. Apr. 6, 2018).

[34] *Bar MK Ranches*, 994 F.2d at 739–40.

[35] *Lee*, 354 F.3d at 1243–44.

[36] *Id.*

[37] *Murphy v. Deloitte & Touche Grp. Ins. Plan,* 619 F.3d 1151, 1163 (10th Cir. 2010).

[38] Motion, *supra* note 1.

(5) documents showing the environmental assessment was inadequate; and

(6) documents showing the Final GCP is insufficient or contradicted by the evidence.[39]

FOA argues that all 43 documents fall under the first and third *American Mining Congress* exceptions: the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials ("first exception"); and that the agency considered factors that were left out of the formal record ("third exception").[40] In the alternative, FOA argues that all 43 documents fall into the second *American Mining Congress* exception: the record is deficient because the agency ignored relevant factors it should have considered in making its decision ("second exception").[41] And, FOA argues that five of the documents fall within the NEPA exception.[42]

In response, FWS broadly argues that none of the documents should supplement the record because the documents reflect the deliberative process of FWS and were prepared "as part of [FWS's] internal discussions. . . ."[43] However, whether the documents are deliberative is immaterial to the determination of whether the documents should supplement the record. FWS has not asserted deliberative process privilege regarding the documents.[44] And the purpose in reviewing a motion to supplement the administrative record is to determine if an "extra-record" document falls within an expection that would make it appropriate for the otherwise ineligible document to be made part of the administrative record through supplementation.[45] If a document

---

[39] *Id.*

[40] *Id*.

[41] *Id.* at 18.

[42] *Id.* at 14.

[43] Response, *supra* note 2, at 1.

[44] Response to Motion to Compel, *supra* note 21, at 7, 9.

[45] *Am. Mining Cong.,* 772 F.2d at 626.

falls within one of the exceptions for supplementation recognized by the Tenth Circuit, the document will supplement the record. Each relevant extra-record exception for supplementation is analyzed below.

**None of the 43 documents fall within the first exception because FWS's actions are adequately explained and can be properly reviewed without considering the documents**

The first *American Mining Congress* exception allows documents to supplement the record when "the agency action is not adequately explained and cannot be reviewed properly without considering the cited materials."[46] Due to the presumption of administrative regularity, documents may not supplement the record under the first exception unless there is clear evidence that the existing record is inadequate.[47] Where the record contains an adequate rationale, and it is unclear what new information a document would bring (such that the record would be deficient without it), supplementation is improper.[48]

*FOA's first category of documents*

FOA's first category of documents relates to the mitigation requirements in the Final GCP.[49] FOA argues the documents must be supplemented under the first exception because "FWS's changing the ratio cannot be explained without these records."[50] However, the Final GCP contains a six-page discussion on the mitigation ratio.[51] The discussion explains the factors used to determine the ratios, why the final mitigation ratio was warranted, and the ratios for

---

[46] *Am. Mining Cong., 772 F.2d 617, 626 (10th Cir. 1985).*

[47] *WildEarth Guardians v. U.S. Army Corps of Eng'rs.*, No. CV 14-0666 RB/SCY, 2017 WL 5634112 (D. N.M. Nov. 22, 2017) ("The Court refuses to impermissibly engage in de novo fact finding on appeal, and, absent clear evidence that the Corps' record is inadequate, the Court follows the presumption of administrative regularity and declines to admit the documents on the basis of the first *American Mining* exception.").

[48] *Id.* (refusing to allow supplementation because "[g]iven what is already in the record, it is unclear what new information WildEarth Guardian' documents bring such that the record would be deficient without them.").

[49] Motion, *supra* note 1, at 3 (Documents 5, 14, 15, 24, 28, and 38).

[50] *Id*. at 4.

[51] Admin. R. at FWS_002131–36, docket no. 37, filed Mar. 1, 2019.

current conservation banks.[52] Therefore, FWS adequately discussed the mitigation ratio in the Final GCP, and FWS's actions may be properly reviewed without considering the documents from FOA's first category.

*FOA's second category of documents*

The second category of documents that FOA seeks to supplement under the first exception are documents relating to take alternatives in the Final GCP.[53] FOA argues these documents should supplement the administrative record because "the court cannot adequately review FWS's GCP decision without considering the documents."[54] But the Final GCP contains multiple take alternatives and a thorough discussion of the conservation benefits and possible take outcomes under each alternative.[55] Therefore, the existing record provides an adequate basis for judicial review.

*FOA's third category of documents*

In its third category, FOA argues that "FWS's incorrect translocation and mitigation cost calculation, incorrect translocation estimate, and inadequate mitigation measures cannot be explained, and this [c]ourt cannot adequately review the [Final] GCP without considering the materials."[56] However, the Final GCP explains the translocations in multiple sections and includes a detailed analysis of the translocations' costs and feasibility.[57] FOA does not demonstrate that supplementation is necessary or appropriate for the documents in this category.

---

[52] *Id.* at FWS_002135.

[53] Motion, *supra* note 1, at 5 (Documents 28, 30, 35, 36-37, and 39–41).

[54] *Id.* at 8.

[55] Admin. R. at FWS_002177–79.

[56] Motion, *supra* note 1, at 12 (Documents 2–4, 8, 11–14, 17, 19, 21, 23, 29, and 33).

[57] Admin. R. at FWS_002095, 002109, 002130, 002255.

*FOA's fourth category of documents*

FOA's fourth category concerns documents related to adequate funding for the Final GCP.[58] FOA argues that the supplementation of documents is "necessary for a proper review . . . [and] [w]ithout these documents, the [c]ourt cannot fully understand FWS's funding calculations in the Final GCP."[59] Contrary to this assertion, the Final GCP contains a section devoted to assured funding that contains expected costs, funding sources, and a basis for FWS's calculations.[60] Therefore, the administrative record contains an adequate explanation to permit review of FWS's actions.

*FOA's fifth category of documents*

The fifth category of documents that FOA seeks to supplement under the first exception are documents relating to the adequacy of the Final EA.[61] FOA argues that "[n]one of the documents in the current administrative record demonstrate FWS's concerns about the EA. FWS only included one draft EA in the formal record, and that draft excludes decisionmaker comments as well as draft finding[s] and recommendations."[62] However, FOA does not point to a deficiency that would inhibit proper judicial review of FWS's action. The Final EA contains a sufficiently detailed and adequate explanation for FWS's actions. Therefore, it is unnecessary to supplement the record under the first exception for documents in this category.

---

[58] Motion, *supra* note 1, at 12 (Documents 9, 38, 42, and 43).

[59] *Id.* at 13.

[60] Admin. R. at FWS_002179–83.

[61] Motion, *supra* note 1, at 13 (Documents 18, 31, 34, 42, and 43).

[62] *Id.* at 15.

*FOA's sixth category of documents*

FOA asserts that documents in its sixth category show the Final GCP is insufficient or contradicted by the evidence.[63] FOA argues these documents should supplement the administrative record because FWS's actions cannot be reviewed properly "without understanding FWS's experts' positions (and the state's positions) through the decision-making process."[64] Similar to the categories above, FWS thoroughly explained its decisions in the Final GCP. The fact that occasional comments by FWS employees differ from the Final GCP does not provide a ground for supplementation under the first exception where the agency adequately explained its course of action. Supplementation of the record under the first exception for documents in this category is not warranted.

Therefore, none of the 43 documents fall within the first exception because FWS's actions are adequately explained and can be properly reviewed without considering the documents.

**Five of the 43 documents will supplement the record under the third exception because FOA demonstrated that FWS considered factors that FWS left out of the formal record**

Under the third *American Mining Congress* exception, supplementation of the administrative record is appropriate when "the agency considered factors that were left out of the formal record."[65] This exception prohibits an agency from skewing the record in its favor by excluding information from its own files that have great pertinence to the proceeding.[66] Although

---

[63] *Id.* at 15 (Documents 1, 5, 6, 7, 10, 14, 16, 20, 22, 25–27, 28, and 32).

[64] *Id.* at 17.

[65] *Am. Mining Cong.,* 772 F.2d at 626.

[66] The Tenth Circuit cited *Environmental Defense Fund, Inc. v. Blum*, a district court case from the D.C. Circuit, when it adopted the third *American Mining Congress* exception. *Am. Mining Cong.,* 772 F.2d at 626 (citing *Envtl. Def. Fund, Inc. v. Blum*, 458 F. Supp. 650 (D. D.C. 1978)). *Blum* provides that a rationale behind this exception is to prohibit an agency from skewing the record. *Blum*, 458 F. Supp. at 661.

an agency is not required to include everything from draft GCPs in the Final GCP, documents demonstrating omitted considerations can supplement the record. As with the other exceptions, this exception is construed narrowly, and the moving party must show by clear evidence that supplementation is necessary.[67]

FOA argues for a broad construction of the term "considered" and quotes a District of Colorado ruling that stated, "[i]f an agency is discussing something it is (one hopes) necessarily considering what it is discussing."[68] However, to equate consideration and discussion construes the third exception too broadly. To demonstrate that a matter was considered under the third exception, the agency must have given some degree of contemplation to the matter. A single comment or mere opinion by an agency employee is inadequate. If construed otherwise, the exception would swallow the rule of administrative regularity.

FWS opposes supplementation of the 43 documents under the third exception arguing broadly that "[t]o the extent [the documents] actually identify factors for consideration, the agency did include them in the record."[69] But FWS's argument fails when FWS fails to identify where in the record a factor is included.

*FOA's first category of documents*

FOA's first category of documents relates to the mitigation requirements in the Final GCP.[70] Document 15 will supplement the record under the third exception because it demonstrates FWS's thorough consideration of a 3:1 mitigation ratio, which FWS subsequently

---

[67] *Bar MK Ranches*, 994 F.2d at 740.

[68] Motion, *supra* note 1, at 5, 11, 13, 14 (quoting *Rocky Mountain Wild v. Walsh*, No. 15–cv–0615–WJM, 2016 WL 8234665, at *4–5 (D. Colo. May 1, 2016)).

[69] Response, *supra* note 2, at 10.

[70] Motion, *supra* note 1, at 3 (Documents 5, 14, 15, 24, 28, 38).

left out of the record.[71] The document shows that FWS contemplated the effects of a 3:1 ratio and describes the agency's rationale. FWS's rebuttal to this argument is that the documents should not supplement because FWS included a section on mitigation in the Final GCP.[72] This argument is inadequate because the section that FWS points to only provides the rationale for the ratio in the Final GCP;[73] it does not address the 3:1 ratio that was at one time considered.[74]

None of the other documents relating to the mitigation requirements in the Final GCP may supplement the record under the third exception. Document 5 is not appropriate for supplementation because offhanded comments, alone, do not constitute consideration by FWS under the third exception. Document 14 is not appropriate for supplementation because one individual questioning whether the 3:1 ratio was sufficient does not demonstrate an additional factor that FWS considered and then omitted from the record. Document 14 is also the same version of the draft GCP as Document 15, and its admission would be redundant. FOA argues that Documents 24 and 28 should be supplemented because "[w]ithout explanation, FWS eventually changed the ratio to 2:1 or 'greater than 1:1' and removed the requirement that the applicant must commit to protect the habitat."[75] But the fact that FWS changed the mitigation ratio to "greater than 1:1" ratio is apparent in the Final GCP, so supplementation of Documents 24 and 28 under this rationale would allow redundant information into the record.[76] And

---

[71] Document 15 at 27-28, docket no. 58-1 at 458-601, filed Feb. 3, 2020.

[72] Response, *supra* note 2, at 10.

[73] *Id.*

[74] *Id.*

[75] Motion, *supra* note 1, at 4.

[76] FOA further argues that Document 28 should supplement the record becuase the document demonstrates that FWS received pressure from the State of Utah and needed to "convince Utah Division of Wildlife Resources why more than a 1:1 ratio is needed." *Id.* But FOA fails to point to an additional factor that was considered by FWS. Instead, Document shows only that an FWS employee desired to explain FWS's existing rationale to the Utah Division of Wildlife Resources.

13

Document 38 is not appropriate for supplementation because FOA did not explain what factors specific to the document were considered by FWS and then omitted from the record.[77]

*FOA's second category of documents*

The second category of documents that FOA seeks to supplement under the third exception are documents that relate to take alternatives.[78] The Final GCP contains two take alternatives: a no-action alternative and a seasonal timing incentive.[79] However, FWS thoroughly considered other factors and alternatives that FWS did not include in the record. Document 40 demonstrates that FWS gave thorough consideration to two other alternatives: a no-take alternative and a seasonal restriction alternative. Document 40 explains these two alternatives and provides FWS's rationale for ultimately deciding not to include the alternatives in the Final GCP.

FWS contends that it included a discussion of the alternatives it considered in the administrative record.[80] However, the materials cited for this proposition explain the no action and seasonal timing incentive alternatives that were included in the Final GCP,[81] not the no-take alternative and seasonal restriction alternative. Therefore, FWS fails to identify anywhere in the administrative record that these specific alternatives that were considered by FWS. Document 40 shall supplement the administrative record. However, the other documents in FOA's second category are not appropriate for supplementation because the documents also explain the no-take alternative and seasonal restriction alternative , and their admission would be redundant.

---

[77] *Id*. at 3–5.

[78] *Id*. at 5 (Documents 28, 30, 35, 36-37, and 39–41).

[79] Admin. R. at FWS_002176–79.

[80] Response, *supra* note 2, at 10.

[81] Admin. R. at FWS_002176–79.

*FOA's third category of documents*

The third category of documents that FOA seeks to supplement under the third exception are documents regarding translocation, mitigation cost, and feasibility.[82] Document 2 is appropriate for supplementation because it demonstrates that FWS considered additional factors relating to the quality of translocation sites and creating incentives for translocations, which do not appear in the record. Although agencies are not required to include everything contained in draft GCPs in the Final GCP, Document 2 demonstrates thorough consideration of factors that were not included in the Final GCP. Therefore, Document 2 will supplement the record.

The other documents in FOA's third category (relating to mitigation and translocation cost estimates in the Final GCP) are not appropriate for supplementation because, although the exact numbers in FWS's cost equations evolved, FWS included the same factors and elements in the Final GCP as it did in these documents. Thus, FOA fails to demonstrate an additional factor that FWS considered, and then omitted from the record. Additionally, Documents 14 and 23 are not appropriate for supplementation because FOA's basis for seeking supplementation relies on a single employee's comment, which does not constitute consideration by FWS under the third exception. Also, Document 29 is not appropriate for supplementation because an employee's comment on the existing standard of feasibility does not constitute an additional factor that FWS considered, and then omitted from the record. Instead, this demonstrates thought about the existing standard of feasibility, which FWS sufficiently addressed in the Final GCP.

---

[82] Motion, *supra* note 1, at 8 (Documents 2–4, 8, 11–14, 17, 19, 21, 23, 29, and 33).

*FOA's fourth category of documents*

The fourth category of documents that FOA seeks to supplement under the third exception pertain to adequate funding.[83] FOA argues that these documents should be supplemented in the record because "FWS has not adequately assured funding."[84] However, the Final GCP allows FWS to review and adjust the fee structure if funding is insufficient.[85] This demonstrates that to the extent FWS considered a possible shortcoming of fundings, FWS included it in the administrative record. Therefore, no documents from FOA's fourth category are appropriate for supplementation under the third exception.

*FOA's fifth category of documents*

The fifth category of documents that FOA seeks to supplement under the third exception are documents allegedly showing that the Final EA was inadequate.[86] Documents 18 and 31 are appropriate for supplementation because they demonstrate that FWS considered additional factors relating to affected species and environments, which do not appear in the record. Therefore, Documents 18 and 31 will supplement the record.

The other documents in FOA's fifth category are not appropriate for supplementation because FOA does not show by clear evidence that FWS considered additional factors that were omitted from the record. In Documents 34 and 42, FOA points to places in which one FWS employee commented on drafts that expanding the analysis might be helpful. This does not constitute consideration by FWS for purposes of the third exception. Document 43 is not appropriate for supplementation because FOA's argument that FWS staff allegedly did not

---

[83] Motion, *supra* note 1, at 12 (Documents 9, 38, 42, and 43).

[84] *Id.*

[85] Admin. R. at FWS_002179–83, 2248.

[86] Motion, *supra* note 1, at 13 (Documents 18, 31, 34, 42, and 43).

16

understand the basis for calculations in the Final EA does not speak to an additional factor that FWS considered.

*FOA's sixth category of documents*

The sixth category of documents that FOA seeks to supplement under the third exception are documents allegedly showing that the Final GCP is insufficient or contradicted by the evidence.[87] Documents 5, 7, and 14 are not adequate to supplement the record because an individual questioning the sufficiency of an existing standard does not constitute an additional factor considered by FWS. Documents 16 and 25 are not appropriate for supplementation because FWS's failure to implement a specific course of action preferred by FOA does not constitute an additional consideration. Documents 20, 22, and 26 are not appropriate for supplementation because these documents reference the State's opinion regarding the GCP and do not speak to an additional factor considered by FWS. Documents 27 and 32 are not appropriate for supplementation because FOA does not identify a factor was considered by FWS, and then omitted from the record. Documents 1, 6, and 10 contain offhanded comments from an FWS employee which do not constitute consideration by FWS under the third exception. And FOA did not offer an argument specific to why Document 28 should be supplemented under the third exception. Therefore, no documents from this category are appropriate for supplementation under the third exception.

**FOA failed to meet its burden to establish that any of the 43 documents fall within the second exception**

The second *American Mining Congress* exception permits the supplementation of documents when the record is "deficient because the agency ignored relevant factors it should

---

[87] *Id.* at 15 (Documents 1, 5, 6, 7, 10, 14, 16, 20, 22, 25- 27, 28, and 32).

have considered in making its decision."[88] However, because conceivably all documents a party seeks to supplement an administrative record with will be relevant to some degree, this exception is construed particularly narrowly.[89] A narrow reading of this exception is necessary to align with the Tenth Circuit's principle of only allowing extra-record evidence in extremely limited circumstances.[90] Seeking to adhere to this principle, courts within the Tenth Circuit have required (in addition to demonstrating a document's relevancy) that a moving party "show by clear evidence that the document 'should have' been considered, and that the 'record is deficient' because the document was not considered."[91]

FOA's argument for application of the second exception is made in the alternative to its arguments for the application of the first exception and third exception.[92] The entirety of the argument is two sentences in the Motion's conclusion.[93] And the argument is reasserted in one sentence within FOA's Reply.[94] FOA argues that the 43 documents should supplement the record under the second exception because its arguments regarding the first exception and third exception "describes how the missing documents are directly relevant" and "demonstrates in multiple places that the existing record is inadequate."[95]

Although FOA asserts broadly that it has pointed to places in which it believes the existing record is inadequate, FOA has failed to demonstrate by clear evidence that FSW should

---

[88] *Am. Mining Cong.,* 772 F.2d at 626.

[89] *WildEarth Guardians*, 2017 WL 5634112.

[90] *Am. Mining Cong.,* 772 F.2d at 626.

[91] *Id.*

[92] Motion, *supra* note 1, at 18.

[93] *Id.*

[94] Plaintiff's Reply in Support of its Motion to Supplement the Administrative Record ("Reply") at 2, docket no. 62, filed Apr. 10, 2020.

[95] *Id.*

have considered factors or documents that it did not, and that the existing record is deficient in the absence of those factors and documents. FOA's broad and conclusory argument that encompasses all 43 documents does not meet its burden under the second exception. Therefore, none of the documents will supplement the record under the second exception.

**FOA failed to meet its burden of establishing that any of the 43 documents fall within the NEPA exception**

A document may supplement the record under the NEPA exception when the document reveals "gaps or inadequacies in the NEPA process."[96] This occurs when an agency has "neglected to mention a serious environmental consequence, failed adequately to discuss some reasonable alternative, or otherwise swept stubborn problems or serious criticism . . . under the rug."[97] The NEPA exception is subject to the same limiting principles as the *American Mining Congress* extra-record exceptions and is construed narrowly.[98]

FOA argues five documents that show the EA was inadequate should supplement the record under the NEPA exception.[99] The extent of FOA's argument for why these documents fall under the NEPA exception is that they "demonstrate[e] that FWS swept stubborn problems or serious criticism under the rug."[100] This is conclusory. FOA fails to demonstrate what specific problem or serious criticism was swept under the rug. Therefore, no documents are appropriate for supplementation of the record under the NEPA exception.

---

[96] *Colorado Wild v. Vilsack*, 713 F.Supp.2d 1235, 1241 (citing *Citizens for Alts. to Radioactive Dumping v. U.S. Dep't of Energy* 485 F.3d 1091, 1096 (10th Cir. 2007)); *Lee,* 354 F.3d at 1242.

[97] *Lee*, 354 F.3d at 1242.

[98] *Am. Mining Cong.,* 772 F.2d at 626.

[99] Motion, *supra* note 1, at 14 (documents 18, 31, 34, 42, and 43).

[100] Reply, *supra* note 94, at 4.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that FOA's Motion[101] is GRANTED in part and DENIED in part. Documents 2,[102] 15,[103] 18,[104] 31,[105] and 40[106] identified in FOA's Motion will supplement the administrative record. All other documents identified in FOA's Motion are not appropriate for supplementation of the administrative record.

Signed December 21, 2020.

BY THE COURT

David Nuffer
United States District Judge

---

[101] Docket no. 58, filed Feb. 3, 2020.

[102] Docket no. 58-1 at 12-54, filed Feb. 3, 2020.

[103] Docket no. 58-1 at 458-601, filed Feb. 3, 2020.

[104] Docket no. 58-1 at 608-691, filed Feb. 3, 2020.

[105] Docket no. 58-1 at 1505-1594, filed Feb. 3, 2020.

[106] Docket no. 58-1 at 1683-1685, filed Feb. 3, 2020.