THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| FRIENDS OF ANIMALS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES FISH AND WILDLIFE SERVICE,<br><br>　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING THE STATE OF UTAH AND IRON AND GARFIELD COUNTIES' MOTION TO APPEAR AS AMICI**<br><br>Case No. 4:18-cv-00053-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

　　　　This is an Administrative Procedure Act case raising challenges under the Endangered Species Act and the National Environmental Policy Act.[1] On August 22, 2018, Plaintiff Friends of Animals initiated the case to challenge Defendant United States Fish and Wildlife Service decision to issue a General Conservation Plan ("GCP") and related master incidental take permits for Utah prairie dogs.[2] The scope of the administrative record was determined through a series of rulings[3] and was completed on January 26, 2021.[4] Briefing was then scheduled on the issues raised in Plaintiff's Complaint.[5] Plaintiff filed its opening brief on March 25, 2021.[6]

---

[1] Complaint, docket no. 2, filed Aug. 22, 2018

[2] *Id*. ¶ 1 at 4.

[3] Docket Text Order Denying [41] Motion to Compel, docket no. 44, filed Aug. 16, 2019; Order (1) Overruling and Denying Objection to Denial of Plaintiff's Motion to Compel Completion of the Administrative Record and (2) Denying Plaintiff's Motion for Reply and/or Oral Argument ("Order Overruling Objection"), docket no. 53, filed Dec. 27, 2019; Memorandum Decision and Order Granting in part and Denying in part Plaintiff's Motion to Supplement the Administrative Record ("Order for Supplementation"), docket no. 67, filed Dec. 22, 2020.

[4] Notice of Filing Supplemental Administrative Record, docket no. 69, filed Jan. 26, 2021.

[5] Amended Scheduling Order, docket no. 70, filed Jan. 26, 2021; Order Granting Motion for Extension of Time to File Answer Brief, docket no. 76, filed May 11, 2021.

[6] Plaintiff's Opening Brief, docket no. 74, filed Mar. 25, 2021.

Defendant filed its answer brief on June 10, 2021.[7] Subsequently, on July 8, 2021, the State of Utah, Iron County, and Garfield County (collectively, the "State Amici") filed a motion for leave to appear as amici curiae in support of Defendant ("Motion").[8]

Because the State Amici's Motion is untimely and prejudicial, and because the State Amici's proposed amicus brief[9] will not be useful to determining the issues raised in Plaintiff's Complaint, the State's Motion[10] is DENIED.

## DISCUSSION

Federal courts have broad discretion in allowing participation of amicus curiae.[11] Courts look to the Federal Rules of Appellate Procedure for guidance on permitting amicus briefs.[12] FED. R. APP. P. 29(a)(6) requires the filing of an amicus brief within seven days from the filing of an existing party's principal brief.[13] Courts also assess the timeliness of a motion to participate as amici curiae by the length of time the movant knew of its interest in the case and the prejudice that permitting the amicus curiae will have on the existing parties.[14]

Additionally, FED. R. APP. P. 29(a)(3) provides that a motion to participate as amici curiae must state "the movant's interests," "why an amicus brief is desirable," and "why the

---

[7] Defendant's Answer Brief, docket no. 77, filed June 10, 2021.

[8] State of Utah and Iron and Garfield Counties' Motion and Memorandum in Support of Motion to Appear as Amici Curiae in Support of Defendant's Answer Brief ("Motion"), docket no. 78, filed July 8, 2021. Plaintiff filed a response opposing the State's Motion. Plaintiff's Opposition to the State of Utah and Iron and Garfield Counties' Motion to Appear as Amici Curiae ("Plaintiff's Response"), docket no. 80, filed July 22, 2021. The State did not timely file a reply or seek extension of its deadline to file a reply. And a reply would not affect the disposition of the State's Motion.

[9] Docket no. 78-1, filed July 8, 2021.

[10] Docket no. 78, filed July 8, 2021.

[11] *N.M. Oncology & Hematology Consultants, Ltd v. Presbyterian Healthcare Servs.*, 994 F.3d 1166, 1175 (10th Cir. 2021).

[12] *United States v. Bd. of Cty. Comm'rs of the Cty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D. N.M. 2015).

[13] FED. R. APP. P. 29(a)(6).

[14] *Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001).

matters asserted are relevant to the disposition of the case."[15] Factors courts have commonly considered before granting leave to participate as amicus curiae are (1) if the proposed amicus curiae is disinterested; (2) if the existing parties oppose the participation of the amicus curiae; (3) if the existing parties are capable of addressing the case's issues without the participation of the amicus curiae; (4) the strength of the information and argument presented by the amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information presented by the amicus curiae to resolving the case's issues.[16]

## The State Amici's Motion is untimely and prejudicial

This case was filed in August 2018,[17] and the administrative record was completed on January 26, 2021.[18] Plaintiff filed its opening brief on March 25, 2021.[19] Defendant filed its answer brief on June 10, 2021.[20] And the State Amici filed their Motion almost four weeks later on July 8, 2021, the deadline for Plaintiff to file its reply brief.[21]

The State Amici assert a strong interest in the litigation. The State of Utah receives funds, expends revenue, and invests resources for Utah prairie dog conservation.[22] And Iron and Garfield Counties are master permit holders for the incidental take of Utah prairie dogs granted by Defendant under the GCP.[23] The State Amici have also performed on-the-ground, hands-on

---

[15] FED. R. APP. P. 29(a)(3).

[16] *WildEarth Guardians v. Lane*, No. CIV 12-118 LFG/KBM, 2012 WL 10028647, at *2 (D.N.M. Jun. 20, 2012) (citing *Ass'n of Am. Sch. Paper Suppliers v. United States*, 683 F. Supp. 2d 1326 (Ct. Int'l Trade 2010)).

[17] Complaint.

[18] Notice of Filing Supplemental Administrative Record.

[19] Plaintiff's Opening Brief, docket no. 74, filed Mar. 25, 2021.

[20] Defendant's Answer Brief, docket no. 77, filed June 10, 2021.

[21] Order Granting Motion for Extension of Time to File Answer Brief.

[22] Motion at 2.

[23] *Id.*

Utah prairie dog management since 1973.[24] Based on these assertions, the State Amici knew or should have known of the case's pendency and their interest in the litigation to timely seek leave to participate as amici curiae. Indeed, the State of Utah and various Utah counties have timely sought leave and been permitted to participate in recent District of Utah cases involving land management when asserting similar interests.[25] But for nearly three years while this case was pending, the State Amici did not seek leave to participate.

Rather, the State Amici filed their Motion after briefing was scheduled and nearly complete–on the deadline for Plaintiff to file its reply brief. The State Amici do not argue that they recently learned of the case's pendency or their interest in the litigation. The State Amici do not address the timeliness of their Motion. And the State Amici do not address the affect the Motion's timing would have on the proceedings. The State Amici provide no justification for their delay in seeking to participate as amici curiae.

By filing their Motion on the deadline for Plaintiff's reply brief, the State Amici did not allow Plaintiff an opportunity to respond to the information raised in the proposed amicus brief. Granting leave to the State Amici to now participate in the case would necessitate granting leave for Plaintiff to file a sur-reply. This would further extend the case's briefing schedule and delay the disposition of the case to the prejudice of the parties. This case has been pending for over three years and further delays to its disposition are not warranted.

---

[24] *Id*.

[25] *Western Watersheds Projects v. United States Forest Serv.*, No. 4:19-cv-00097-DN-PK, 2021 WL 1171721, *1 (D. Utah Mar. 28, 2021); *Western Watersheds Project v. Nat'l Park Serv.*, No. 419-cv-00065-DN-PK, 2020 WL 607576, *1 (D. Utah Feb. 7, 2020); *WildEarth Guardians v. Jewell*, No. 2:16-cv-00168-DN, 2016 WL 4133533, *1 (D. Utah Aug. 3, 2016).

Under these circumstances, the State Amici's Motion comes so late in the proceedings that permitting the State Amici to participate would cause undue delay and prejudice the parties. Therefore, the State Amici's Motion is DENIED.

### The proposed amicus brief will not be useful

As a separate basis for denial of the State Amici's Motion, the proposed amicus brief will not be useful in determining the issues raised in Plaintiff's Complaint. The State Amici certainly have an interest in the litigation.[26] Their proposed amicus brief contains argument regarding funding from the State Amici for Utah prairie dog protections and on-the-ground, hands-on management of Utah prairie dogs by the State Amici to demonstrate the appropriateness of the GCP. However, Plaintiff opposes the State Amici's untimely participation and their reliance on materials that are outside the administrative record.[27] And the State Amici do not argue that Defendant is incapable of addressing the issues in the case without the State Amici's participation. But beyond this, the strength and usefulness of the information provided in the State Amici's proposed amicus brief is lacking.

Judicial review of a final agency action is based on the full administrative record.[28] The "whole record" consists of all documents and materials considered by the agency in making its decision.[29] And the documents and materials that constitute the full administrative record in this case has already been litigated and decided.[30] The State Amici would expand this record through the proposed amicus brief's references to and reliance on materials that are outside the complete

---

[26] Motion at 2; *Supra* Discussion at 3.

[27] Plaintiff's Response.

[28] *Citizens to Pres. Overton Park v. Volpe*, 401 U.S. 402, 420 (1971).

[29] *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993).

[30] Docket Text Order Denying [41] Motion to Compel; Order Overruling Objection; Order for Supplementation.

record. The opportunity to offer extraneous evidence beyond the administrative record is not a protected interest.[31] And the State Amici do not present sufficient argument to permit expanding the administrative record—particularly at this later juncture.Therefore, the information the State Amici offer is outside the administrative record cannot appropriately be considered.

Because Defendant can address the issues raised in Plaintiff's Complaint without the State Amici's participation, and because the State Amici cannot present information that is outside the administrative record, the strength of the information within the State Amici's proposed amicus brief is de minimus and will not be useful in deciding issues in the case. Therefore, the State Amici's Motion is DENIED.

## ORDER

IT IS HEREBY ORDERED that the State of Utah and Iron and Garfield Counties' Motion and Memorandum in Support of Motion to Appear as Amici Curiae in Support of Defendant's Answer Brief[32] is DENIED.

Signed September 28, 2021.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[31] *Alameda Water & Sanitation Dist. v. Browner*, 9 F.3d 88, 91 (10th Cir. 1993).

[32] Docket no. 78, filed July 8, 2021.